UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NICHOLAS R. TUR,

                          Plaintiff,

v.                                                Civil Action No. _____

PETER T. ROACH AND ASSOCIATES, P.C.,

                          Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Nicholas R. Tur, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Peter T. Roach and Associates, P.C., is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to Citibank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Citibank to collect on the subject debt.

13. That in or about January of 2012, Defendant received correspondence from Defendant regarding the subject debt.

14. That Plaintiff called Defendant upon receipt of the correspondence and made payment arrangements. Plaintiff gave Defendant a debit card number to take 12 monthly payments out of his account.

15. That after providing the Defendant with his debit card information; Plaintiff checked his account to confirm that payments were processed and discovered there was a charge for a "Village Heroes." After Googling "Village Heroes", Plaintiff discovered it was restaurant located in Long Island, nearby Defendant's office.

16. That Plaintiff called the Defendant to inquire whether they placed the charge with Village Heroes and the Defendant responded that they never heard of that restaurant.

17. That Plaintiff proceeded to call Village Heroes and spoke with the manager of the restaurant who confirmed that the charge did come from Defendant's office.

18. That the manager of Village Heroes contacted the Defendant and was initially informed that they did not know why she was calling them. That the manager of Village Heroes, after having to threaten legal action if she did not speak with someone regarding the charge to Plaintiff's debt card, spoke to a representative of the Defendant and the charge to the Plaintiff's account was eventually reversed.

19. That after being informed by the manager of Village Heroes of what occurred in the preceding paragraph; Peter Roach, Esq. contacted the Plaintiff regarding the unauthorized use of Plaintiff's debit card to order food for his office from Village Heroes.

20. That during this conversation, Plaintiff informed Peter Roach, Esq. that he was upset over the unauthorized use of his debit card and asked if Mr. Roach could guarantee that this

would never happen again. Peter Roach, Esq. responded that he could not guarantee that it would not happen again.

21. That Plaintiff received a letter from Defendant dated March 9, 2012, enclosing a stipulation of settlement and confession of judgment for the Plaintiff to execute and return to the Defendant. This letter stated that the amount of the alleged debt was $3,799.68. The letter also stated "as long as you make the payments provided for in the stipulation, we will not commence legal action herein."

22. That despite the above statement, Defendant already had a lawsuit pending against Plaintiff which was filed with the Buffalo City Court on March 5, 2012, entitled <u>Citibank, N.A. v. Nicholas R. Tur</u>, Index Number 1900/12.

23. That Plaintiff received a letter from the Defendant dated March 8, 2012 which stated that the principle amount was $3,799.68 and costs expended was $140, totaling $3,939.68 as the amount due and owing.

24. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(5) by using Plaintiff's debit card without his authorization to purchase food from Village Heroes.

   B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), and 15 U.S.C. §1692e(10) by attempting to fraudulently induce the Plaintiff into executing the settlement agreement and confession of judgment in consideration of foregoing any legal action to enforce the alleged subject debt.

   C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2) by stating that Plaintiff owed $140 for costs despite there not existing a judgment entitling Defendant to the amount alleged in its Buffalo City Court action entitled <u>Citibank, N.A. v. Nicholas R. Tur</u>, Index Number 1900/12.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 23, 2012

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
      khiller@kennethhiller.com

4